1
                                                The Honorable Ricardo S. Martinez

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                 WESTERN DISTRICT OF WASHINGTON

10                          AT SEATTLE

| | |
|---|---|
| 11   HARD 2 FIND ACCESSORIES, INC., |   Case No. 2:14-cv-00950 |
| 12                Plaintiff, | DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS |
| 13       v. | |
| 14   AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation, | NOTE ON MOTION CALENDAR: October 24, 2014 |
| 15 | |
| 16             Defendants. | **ORAL ARGUMENT WAIVED** |
| 17 | |
| 18 | |

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1

## TABLE OF CONTENTS

2
**Page**

3
I.      INTRODUCTION ................................................................................................ 1

4
II.     ARGUMENT ...................................................................................................... 2

5
        A.      H2F's Alleged Facts Confirm That Apple Did Not Cause Amazon's
                Termination Of H2F's Selling Privileges .................................................. 2

6
        B.      Noerr-Pennington Protects Apple's Notice of Infringement ............................. 5

7
        C.      H2F's Complaint Fails To Plausibly Allege Intentional Interference ............... 6

        D.      H2F Does Not State A Claim For Defamation ................................................... 7

8
        E.      H2F Has Alleged No Benefit Conferred Unjustly On Apple ............................ 9

9
        F.      Plaintiff's Antitrust Claims Are Conclusory and Implausible ......................... 10

10
        G.      H2F Did Not Plead A CPA Unfair Or Deceptive Act ...................................... 11

III.    CONCLUSION ................................................................................................ 12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- i -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Allstate Ins. Co. v. Tacoma Therapy, Inc.,*
5
    2014 U.S. Dist. LEXIS 52934 (W.D. Wash. Apr. 16, 2014) ...........................................8, 9

6

*Alvarado v. Microsoft Corp.,*
7
    2010 WL 715455 (W.D. Wash. Feb. 22, 2010) ...............................................................9, 12

8

*Anica v. Wal-Mart Stores, Inc.,*
    120 Wn. App. 481 (2004)..................................................................................................3

9

*Ashcroft v. Iqbal,*
10
    556 U.S. 662 (2009) ...........................................................................................1, 2, 6, 11

11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... *passim*

12

*Brown v. Safeway,*
13
    617 P.2d 704 (1980) ..........................................................................................................7

14

*Burkheimer v. Thrifty Investment Co.,*
15
    12 Wn. App. 924 (1975)...................................................................................................4

16

*Cascade Cabinet Co. v. Western Cabinet & Millwork, Inc.,*
    710 F.2d 1366 (9th Cir. 1983)........................................................................................11

17

*Collins v. Boeing Co.,*
18
    2008 WL 943152 (W.D. Wash. Apr. 7, 2008) ....................................................................3

19

*Coomes v. Edmonds Sch. Dist. No. 15,*
    2013 WL 3294393 (W.D. Wash. June 28, 2013) (relying on unpublished
20
    Washington Court of Appeal authority)............................................................................4

21

*Cox v. O'Brien,*
22
    150 Wn. App. 24 (2009)..................................................................................................10

23

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,*
    105 Wn.2d 778 (1986) .....................................................................................................11

24

*Hazelquist v. Guchi Moochie Tackle Co.,*
25
    2004 U.S. Dist. LEXIS 13991 (W.D. Wash. May 12, 2004) .............................................7

26

*Indoor Billboard/Wash. Inc. v. Integra Telecom of Wash., Inc.,*
27
    162 Wn.2d 59 (2007) ......................................................................................................12

28

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- ii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

*Lynch v. Deaconess Med. Ctr.*,
   113 Wn.2d 162 (1989) .............................................................................................9

*Mark v. Seattle Times*,
   96 Wn.2d 473 (1981) ...............................................................................................9

*Mayer v. Sto Indus., Inc.*,
   123 Wn. App. 443 (2004), *aff'd in part, rev'd in part*, 156 Wn.2d 677
   (2006) ....................................................................................................................12

*Modular Arts, Inc. v. Interlam Corp.*,
   2007 U.S. Dist. LEXIS 51225 (W.D. Wash. July 13, 2007)..............................5, 6

*Momah v. Bharti*,
   144 Wash. App. 731 (2008) ....................................................................................9

*Oregon Natural Res. Council v. Mohla*,
   944 F.2d 531 (9th Cir. 1991)...................................................................................6

*Percival v. Brunn*,
   28 Wn. App. 291 (1981).........................................................................................7

*Pleas v. City of Seattle*,
   112 Wash.2d 794, 799, 807-809 (1989) .................................................................6

*Prestin v. Mobil Oil Corp.*,
   741 F.2d 268 (9th Cir. 1984)..................................................................................7

*Sosa v. DirectTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006)..................................................................................5

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ...............................................................................................6

*Tamosaitis v. Bechtel Nat'l, Inc.*,
   327 P.3d 1309 (Wash. Ct. App. 2014) ...................................................................4

*In re VeriFone Sec. Litig.*,
   11 F.3d 865 (9th Cir. 1993)..................................................................................12

*Villiarimo v. Aloha Island Air, Inc.*,
   281 F.3d 1052 (9th Cir. 2002)................................................................................4

*William O. Gilley Enters. v. Atl. Richfield Co.*,
   588 F.3d 659 (9th Cir. 2009)................................................................................10

*Young v. Young*,
   164 Wn.2d 477 (2008) ...........................................................................................9

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- iii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

**Statutes**

2002 Wash. Laws, Ch. 86 § 401 ..........................................................................................12

RCW 18.165 .........................................................................................................................12

RCW 18.165.020(4) .............................................................................................................12

RCW 18.165.240 ..................................................................................................................12

**Other Authorities**

9th Cir. Rule 36-3 ..................................................................................................................4

Fed. R. Civ. P. 12 ..................................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- iv -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

## I.  **INTRODUCTION**

The facts alleged in H2F's complaint tell an unexceptional story.  Apple, the owner of all rights to the Apple® iPad® Smart Cover™, sent Amazon a standard-form infringement notice when it learned that H2F, which is not an authorized seller of Apple® products, was listing iPad cases at prices substantially below retail value under two ASIN numbers associated with consumer complaints about counterfeit goods.  As is customary, the notice was forwarded immediately to H2F for response.  H2F and Apple resolved their dispute when H2F agreed it would not list Apple products under the offending ASIN numbers, and Apple told Amazon on several occasions that its dispute with H2F had been "amicably resolved." Nevertheless, citing other complaints received from multiple entities, Amazon made an independent decision to terminate its contractual relationship with H2F.

H2F's response *was* exceptional.  From a single, standard notice, H2F concocted five claims against Apple—that Apple's infringement notice was defamatory, intentionally interfered with H2F's contract with Amazon, amounted to a price-fixing conspiracy with Amazon, unjustly enriched Apple, and violated Washington's CPA.  None of these claims are well-pled or plausible under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Tellingly, Plaintiff defends its conclusory pleading by reference to various pre-*Twombly* decisions and never attempts to reconcile *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), with its pleadings.  All of H2F's claims rely on precisely the "labels and conclusions" that *Twombly* rejected, such as, Apple "was the cause of Amazon's termination."  Opp'n at 5-6.

H2F's opposition brief does not salvage its claims.  It confirms Plaintiff cannot plausibly allege facts to show causation for any claims.  It reveals that H2F also cannot support its conclusory assertion that the iPad cases it sold were genuine because it cannot say how or from whom it acquired them.  Opp'n at 15-16.  It cites no law requiring more "investigation" when there is a good faith basis for notice, like Apple's here.  And it highlights that there is only one plausible conclusion—Apple sent a constitutionally-protected, presumptively valid notice to safeguard its interests, and independently, Amazon terminated its at-will contractual relationship with H2F.  All of H2F's claims against Apple should be dismissed with prejudice.

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

## II.    ARGUMENT

### A.    H2F's Alleged Facts Confirm That Apple Did Not Cause Amazon's Termination Of H2F's Selling Privileges.

H2F's continuing commitment to pleading conclusions rather than facts begins with its opposition on causation.  H2F hinges the sufficiency of its allegations of causation as to *all* claims against Apple on a single conclusory sentence asserted in connection with a single cause of action (intentional interference with business expectancy):  "*Apple's intentional interference was the cause* of Amazon's termination of H2F's contract/business expectancy."  Opp'n at 5-6 (quoting Compl. ¶ 121) (emphasis added).  To state a claim, however, H2F must allege facts, not simply a conclusion—particularly not a conclusion that is contradicted by the other facts alleged in the Complaint.  *Iqbal*, 556 U.S. at 678-79.

H2F's allegations affirmatively exclude Apple's infringement notice as a plausible proximate, or but, for, cause of Amazon's decision to revoke H2F's permission to sell on amazon.com.  Critically, as alleged in the Complaint and as admitted by H2F itself, the only fact pled by H2F on this point confirms that Apple's infringement notice to Amazon exclusively concerned the *listings* for the two iPad cases and did not concern H2F's status as an Amazon *seller* generally.  H2F does not dispute this.  Amazon sent H2F a notice that it was delisting the iPad cases and referred to the Apple notice.  Compl. ¶ 26.  Amazon also invited H2F to contact Apple's representatives to attempt to resolve the matter.  *Id*.  H2F did just that.  To resolve the dispute, H2F agreed "not to list any Smart Cover or other Apple products under any ASIN numbers that are associated with counterfeit products."  *Id*. ¶ 68.  Apple then informed Amazon multiple times that Apple no longer had any dispute with H2F and even withdrew its infringement notice in an attempt to help H2F.  *Id*. ¶¶ 63, 68, 74.

In the meantime, Amazon took a separate *contractual* action against H2F's status as a *seller*.  Amazon sent a separate notice, on June 17, informing H2F, "we have removed your *selling* privileges."  *Id*. ¶ 56 (emphasis added).  This separate notice did not refer to the infringement notice from Apple nor did it invite H2F to contact Apple.  *Id*.  Instead, the notice invited H2F to appeal the decision with Amazon alone, which H2F did.  *Id*.  Apple's

1   communications to Amazon stating that Apple's dispute with H2F was amicably resolved

2   occurred during the pendency of H2F's appeal.  *Id.* ¶¶ 68, 74.  However, those

3   communications had no impact on Amazon's ultimate decision to revoke H2F's selling

4   privileges because numerous other complaints, including from entities other than Apple and

5   that were "different from" Apple's infringement notice (*id.* ¶ 76), formed the basis for its

6   decision to terminate H2F's selling privileges.  *Id.* ¶¶ 71, 75.[1]

7          In sum, H2F's own allegations conclusively affirm that Apple made a complaint

8   related to two product *listings* (not *seller* privileges), H2F contacted Apple and Apple

9   subsequently withdrew the complaint and informed Amazon that the matter had been resolved,

10  and Amazon terminated H2F's *selling* privileges anyway, citing complaints from other parties.

11  Based on the alleged facts, there is no plausible scenario in which the complaint from Apple

12  can be the cause of H2F's loss of its selling privileges and resulting damages.  *See Twombly*,

13  550 U.S. at 570.  H2F's authorities concerning multiple causes are inapposite and miss the

14  point.  *See* Opp'n at 6-7.  Apple does not dispute that Washington tort law recognizes that an

15  injury may have more than one proximate cause.  Apple's position is that H2F has failed to

16  plausibly allege that Apple's conduct was a cause *in fact* of Amazon's action.

17         In its opposition, H2F argues that causation may be inferred from timing alone; that is,

18  because Amazon's initial termination of H2F's selling privileges occurred three days after

19  Amazon notified H2F of Apple's complaint about H2F's listing of two iPad cases, the Court

20  may infer that Apple's complaint caused Amazon to terminate H2F's selling privileges.

21  Opp'n at 8.  Washington courts reject attempts to allege causation merely by showing a

22  coincidence in time.  *See, e.g.*, *Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App. 481, 489 (2004)

23  (plaintiff's "timing argument relies on a logical fallacy [. . .] coincidence is not proof of

24  causation.").  As this Court held in another context, "The mere proximity in time [. . .] is

25  wholly insufficient to demonstrate a retaliatory motive.  Simply stated, coincidence is not

26  proof of causation."  *Collins v. Boeing Co.*, 2008 WL 943152, at *4 (W.D. Wash. Apr. 7,

27

28      [1] H2F alleges, in conclusory fashion and without supporting facts, that the "list of supposed violations [was] a pretext."  *Id.* ¶ 76.  Even if it were (and it was not), H2F does not allege that Apple participated in the "pretext."

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

2008).  Even if timing might permit an inference of causation in some cases,[2] H2F fails to address the *additional* facts about timing in the Complaint that render that inference implausible—that *Amazon continued to terminate H2F's selling privileges after Apple's notice of resolution, citing complaints from other entities in its process*.  Thus, it is not plausible to infer based on timing alone that Apple's conduct caused H2F's alleged harm.[3]

Finally, H2F's attempts to distinguish binding Washington authority fail.  H2F describes only one aspect of the holding in *Tamosaitis v. Bechtel Nat'l, Inc.*, 327 P.3d 1309 (Wash. Ct. App. 2014), ignoring a separate portion of the opinion in which the court rejected Dr. Tamosaitis's tortious interference claim related to his bonus decision in the absence of any indication that Bechtel "had any part" in that action.  *Id*. at 1316.  As in *Tamosaitis*, H2F's Complaint does not contain any allegation of fact that Apple played any part in Amazon's revocation of H2F's *selling* privileges.  Similarly, the decision in *Burkheimer v. Thrifty Investment Co*., 12 Wn. App. 924, 927-28 (1975), provides a complete answer to the cases H2F cites about multiple, intervening and other inapposite forms of proximate cause in contexts where multiple tortfeasors can contribute to and increase a tortious injury.[4]  In *Burkheimer,* a tenant decided to vacate its leasehold to find more commercially viable space.  After it vacated, the tenant continued to pay its rent, and its new landlord agreed to indemnify the tenant for the rent.  Plaintiff landlord sued the new defendant landlord for inducing the breach by indemnifying the tenant.  The Washington Court of Appeals rejected plaintiff's tortious interference claim based on the trial court's finding that the tenant had determined to vacate the tenancy regardless of the defendant's indemnification.  H2F is in the same boat here, having alleged that "Amazon shuttered H2F's account as a result of factors that were not

---

[2] The sole case on which H2F relies for this argument, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1052 (9th Cir. 2002), arises under Title VII and not Washington law.  Even in the unique Title VII context, not applicable here, the court acknowledged that "timing alone will not show causation in all cases."  *Id*. at 1065.

[3] H2F also argues that its allegation of "concerted action" suffices to allege causation.  Opp'n at 8.  Because it is conclusory, it is equally inadequate to plausibly demonstrate causation.  See Section II(F) below.

[4] H2F urges this Court to ignore Apple's citation to *Burkheimer* and other state cases under Ninth Circuit Local Rule 36-3.  Opp'n at 8 (citing 9th Cir. Rule 36-3).  *Burkheimer* is a published decision, and no Circuit or local rule bars consideration of the unpublished State cases in any event. *See*  9th Cir. Rule 36-3 (discussing unpublished Ninth Circuit cases only); *Coomes v. Edmonds Sch. Dist. No. 15*, 2013 WL 3294393, at *7 & n.3 (W.D. Wash. June 28, 2013) (relying on unpublished Washington Court of Appeal authority).

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1    listed in Amazon's June 14, 2013 communication to H2F."  Compl. ¶ 71.  Amazon's contract

2    with H2F gave it the right to act unilaterally, without cause, and without receipt of a complaint

3    from a third party.  Dkt. 15 at 5-7; Dkt. 28 at 3-4.  Amazon persisted with the seller

4    termination after notification that Apple had withdrawn its complaint about H2F's iPad cover

5    listings, so the only plausible inference is that Amazon would have engaged in the same

6    conduct, terminating H2F, regardless of Apple's alleged acts.

7              **B.     *Noerr-Pennington* Protects Apple's Notice of Infringement.**

8              H2F acknowledges that private communications "sufficiently related to petitioning

9    activity" are protected by *Noerr-Pennington* but argues protection is unavailable here because

10   "H2F's complaint makes no reference to the petitioning activity upon which Apple must base

11   its defense."  Opp'n at 10.[5]  No case requires that plaintiff's complaint specifically refer to

12   "petitioning activity" for the invocation of *Noerr-Pennington*, for obvious reasons—*Noerr-*

13   *Pennington* provides for dismissal at the pleading stage to avoid burdening defendant's

14   petitioning activity with litigation like H2F's action against Apple here.

15             There is no dispute that pre-suit infringement notices are "sufficiently related" to

16   litigation to invoke *Noerr-Pennington* protection.  *See Sosa v. DirectTV, Inc.,* 437 F.3d 923,

17   936, 937 (9th Cir. 2006) ("presuit cease-and-desist letter asserting trademark infringement"

18   qualifies for *Noerr-Pennington* protection); *Modular Arts, Inc. v. Interlam Corp.,* 2007 U.S.

19   Dist. LEXIS 51225, at *8-9 (W.D. Wash. July 13, 2007) (letter to third-party distributor to

20   cease selling infringing items protected by *Noerr-Pennington*); Mot. at 11-12 (citing additional

21   cases).  *Noerr-Pennington* protects pre-suit demands even when there is no actual litigation.

22   *Sosa* at 935.  In response to Apple's many cases establishing protection for pre-suit

23   infringement notices, H2F argues *Noerr-Pennington* only applies to pre-suit letters where "A

24   threaten[s] B with litigation."  Opp'n at 10 n.8.  H2F cites no authority requiring an *express*

25   threat of litigation for application of *Noerr-Pennington*.  As the complaint alleges here,

26   Amazon's practice was to forward infringement notices to the seller and direct the seller to

27   _____

28        [5] Plaintiff assumes for purposes of this motion that the communication from Apple to Amazon was an
     infringement notice.  Opp'n at 10 & n.7.  Obviously, the Complaint alleges as much.  Compl. ¶¶ 26, 27.

contact the rights holder, Compl. ¶¶ 26-28, so this was functionally an "A to B" scenario. Compl. ¶¶ 26-28.  In the event, the notice worked as intended because H2F then contacted Apple and the dispute over the iPad case listings was "amicably resolved" without litigation. This court previously applied *Noerr-Pennington* under other three-party circumstances. *Modular Arts,* 2007 U.S. Dist. LEXIS 51225, at *8-9 (dismissing manufacturer's CPA claim based on cease and desist notice to seller, not manufacturer).

*Noerr-Pennington* thus bars all of H2F's claims arising from Apple's infringement notice unless H2F can plead the sham litigation exception with particularity, which it tacitly concedes it cannot do.  *See Oregon Natural Res. Council v. Mohla*, 944 F.2d 531, 535 (9th Cir. 1991) (particularity required).[6]  H2F does not allege that Apple was in possession of facts contradicting its belief as of June 14 that H2F was an infringer, and H2F cannot dispute that goods priced far below market price and customer complaints support an inference of counterfeiting.  Mot. at 12-13 (citing cases).  H2F argues that Apple should have investigated more, but it cites no legal authority that required Apple to do so.

### C.   H2F's Complaint Fails To Plausibly Allege Intentional Interference.

H2F's intentional interference with business expectancy claim fails because H2F did not allege facts sufficient to show that Apple *interfered* with H2F's seller relationship with Amazon.  In its opposition, H2F does not argue that Apple took any action directed specifically at H2F's contractual relationship with Amazon as seller.  *See* Opp'n at 12. Nevertheless, relying on the same flawed temporal approach that it takes to causation, H2F argues that Amazon's conduct shortly after receiving Apple's notice about iPad case listings renders Apple responsible for Amazon's decision to terminate H2F as a seller, regardless of the fact that Apple complained only about infringing *listings*.  *Id.*  That Apple intended to interfere with H2F's contractual seller status is contradicted by H2F's complaint.[7]  In fact, the

---

[6] Plaintiff cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) for the proposition that "H2F does not need to plead the sham litigation exception with particularity."  Opp'n at 11.  *Swierkiewicz* predates *Iqbal* and *Twombly*, and it says nothing about the *Noerr-Pennington* doctrine or sham litigation exception.

[7] H2F cites *Pleas v. City of Seattle*, but the question was whether a city proximately caused a developer's damages when it delayed construction of an apartment complex for political reasons.  112 Wash.2d 794, 799, 807-809 (1989).  Here, Apple is not alleged to have directly interfered in H2F's continuing seller relationship.

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950        - 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1     opposite is true—the communications alleged between Apple and Amazon were directed at

2     *preserving* H2F's status as a seller by informing Amazon on several occasions, at H2F's

3     request, that its dispute with H2F had been "amicably resolved."  It is not plausible that Apple

4     interceded on H2F's behalf if it intended to cause termination of H2F's seller contract.

5         As to the improper means, H2F does not dispute four key points:  (1) Apple owns

6     intellectual property rights for the two iPad cases that were the subject of its complaint to

7     Amazon; (2) H2F was not an authorized online distributor of Apple products; (3) H2F was

8     selling iPad cases at prices substantially below retail value; and (4) multiple customers lodged

9     counterfeiting complaints regarding the ASIN numbers associated with the iPad cases H2F

10    was selling.  Compl. ¶¶ 29-30, 41, 68, 72.  As Apple established in its opening brief, numerous

11    courts have held under similar circumstances that, as a matter of law, rights holders had

12    reasonable grounds to believe that sellers like H2F were infringing intellectual property rights.

13    *See* Mot. at 12-13 (citing cases).  H2F has no response to that authority.  Nor does H2F dispute

14    that tortious interference does not lie when the defendant acts in good faith to protect a legal

15    interest.  *See Brown v. Safeway*, 617 P.2d 704, 713 (1980).

16        H2F conjures improper purpose by portraying Apple's conduct as "greed,"

17    "retaliation," "hostility," and "delay."  Opp'n at 12-13.  These naked assertions and labels are

18    inadequate under *Twombly* and inconsistent with the Complaint's allegations about Apple's

19    responsiveness to H2F's requests for assistance.  *See* Mot. at 14-15.  Lacking plausible

20    allegations, H2F resorts to insisting that the issues cannot be resolved on a Rule 12 motion and

21    must await trial.  H2F is wrong—federal courts do dismiss tortious interference claims on Rule

22    12 motions when facts are inadequately alleged.  *See e.g., Hazelquist v. Guchi Moochie Tackle

23    Co.*, 2004 U.S. Dist. LEXIS 13991, at *3-4 (W.D. Wash. May 12, 2004).[8]

24             **D.**     <u>**H2F Does Not State A Claim For Defamation**</u>

25        H2F's defamation claim rests entirely on one conclusory allegation that purportedly

---

26        [8] Neither *Percival v. Brunn*, 28 Wn. App. 291 (1981), nor *Prestin v. Mobil Oil Corp.*, 741 F.2d 268 (9th Cir.

27 1984) hold, as H2F argues, that questions of good faith may never be resolved at the pleading stage.  *See* Opp'n at 14.  Instead, those cases hold that when evidence presented at summary judgment raises triable issues of fact

28 regarding bad faith, good faith may not be found as a matter of law.  H2F's claims raise no plausible inference of bad faith.

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1   establishes that Apple's infringement notice was false:  the allegation that "the Items sold by

2   H2F were not counterfeit."  Compl. ¶ 39.  H2F argues that this alone is sufficient to state a

3   claim, but its argument is fundamentally inconsistent with the pleading rules cited.  H2F's

4   opposition makes clear that H2F *cannot allege basic facts to establish the genuineness of its*

5   *iPad covers*—when, how and from whom it acquired the purported iPad cases it advertised

6   and sold as the genuine article.  *See* Opp'n at 15.  Instead, H2F argues for a reasonable

7   inference because none of its customers complained to H2F about counterfeiting.  *Id*. at 16.

8   This negative inference is dubious at best.  One thing is certain—H2F did not obtain iPad

9   covers from Apple, the manufacturer and distributor.  H2F should know from whence they

10  came, and should plead facts that "nudged [H2F's claim of a false report] across the line from

11  conceivable to plausible."  *See Twombly*, 550 U.S. at 570.  H2F has not.

12          Unable to allege facts plausibly showing it was selling *genuine* new Apple® iPad

13  cases, H2F argues erroneously that it should not bear this burden (even though a plaintiff bears

14  the burden of proof of its claims).  Instead, H2F argues that Apple "tacitly conceded the

15  products' authenticity by agreeing to withdraw its counterfeit claim."  Opp'n at 15.  This

16  argument is factually untrue.  Compl. ¶ 68 (quoting the communication at issue, which states

17  that H2F agreed to stop selling under the counterfeit-related ASIN numbers).  But even

18  assuming an admission by Apple *after June 17* that the covers were genuine, H2F alleges no

19  facts as to when or how Apple acquired such knowledge, or more importantly, that it had such

20  knowledge when it sent the notice on or before June 14.  This is fatal to H2F's conclusory

21  assertion that Apple knew (or recklessly disregarded) that its notice was false *when made*.[9]

22          H2F's allegations also cannot satisfy the second element of defamation:  lack of

23  privilege.  H2F does not dispute that Apple's alleged conduct meets the five-factor privilege

24  test articulated in *Allstate Ins. Co. v. Tacoma Therapy, Inc*., 2014 U.S. Dist. LEXIS 52934

25  (W.D. Wash. Apr. 16, 2014) (cited in Mot. at 16-17).  Instead, H2F argues that *Allstate*

26  *Insurance* is "non-binding," Opp'n at 16, and proffers a different test for privilege from *Mark*

27          [9] The Complaint alleges that "Apple admitted to H2F that the infringement claim it lodged with Amazon was
28  in error." Compl. ¶ 63.  Assuming this was true, Apple could have been "in error" for reasons not relating to
    genuineness, and an alleged statement on June 25 still says nothing about Apple's knowledge as of June 14.

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1  *v. Seattle Times*, 96 Wn.2d 473, 492 (1981):  a statement is not privileged if a plaintiff

2  plausibly alleges that it "was published without fair and impartial investigation *or* without

3  reasonable grounds for belief in its truth."  Opp'n at 16 (emphasis added).  H2F focuses only

4  on the first part of the test, but *Mark* does not require a party to conduct a "fair and impartial

5  investigation" if, as the facts concerning complaints and low prices demonstrate, it has

6  "reasonable grounds for belief in [the statement's] truth."  96 Wn.2d at 492.

7       H2F's arguments regarding Apple's fault are legally erroneous and unsupported by the

8  Complaint.  H2F argues that it need prove only that Apple acted negligently, rather than with

9  actual malice.  This standard applies only in defamation actions in which defendants cannot

10  assert a privilege, however.  *Momah v. Bharti*, 144 Wash. App. 731, 743 (2008).  When a

11  privilege applies, as it does here under *Allstate Insurance*, the "actual malice" standard of fault

12  governs.  *Id.*  H2F has not met that standard by speculating that "Apple simply didn't like

13  H2F's 'aggressive price point,'" Compl. ¶ 122, or otherwise accusing Apple of the seven

14  deadly sins.  Opp'n. at 12 ("greed," "retaliation," "hostility," etc.).

15       **E.**    **H2F Has Alleged No Benefit Conferred Unjustly On Apple.**

16       "Unjust enrichment is a cause of action that asks the Court to impose an implied in law

17  contract between two parties."  *Alvarado v. Microsoft Corp.*, 2010 WL 715455, at *4 (W.D.

18  Wash. Feb. 22, 2010); *accord Young v. Young*, 164 Wn.2d 477, 484 (2008) (in an unjust

19  enrichment claim, "a quasi contract is said to exist between the parties").  Thus, while it is true

20  that unjust enrichment does not require a contractual relationship, it does require the parties to

21  share a relationship with each other that is contract-like.  *See, e.g.*, *Young*, 164 Wn.2d at 481.

22  But H2F does not allege that it was an Apple reseller or had any relationship—contractual or

23  otherwise—with Apple.  Moreover, H2F alleges only that Apple may have been enriched "to

24  the extent that it gained market share as a result of H2F's closure."  Compl. ¶ 151.  "Market

25  share" is not the type of tangible "money or property" benefit necessary to support an unjust

26  enrichment claim.  *Lynch v. Deaconess Med. Ctr.*, 113 Wn.2d 162, 166 (1989) (unjust

27  enrichment only occurs where a party receives "money or property" under inequitable

28  circumstances).  Even as to "market share," H2F does not allege facts to suggest Apple gained

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950      - 9 -

1   market share; indeed, H2F does not even define the relevant market at all.  H2F thus has not

2   alleged the elements of unjust enrichment.  *See Cox v. O'Brien*, 150 Wn. App. 24, 37 (2009).

3           **F.**     **Plaintiff's Antitrust Claims Are Conclusory and Implausible.**

4         In defending the adequacy of its antitrust claims, H2F does not once cite or discuss the

5   leading Supreme Court case on pleading an antitrust conspiracy—*Twombly*.  Disregarding

6   *Twombly*, it is no surprise that Plaintiff also fails to make out a remotely plausible antitrust

7   claim based on Apple's alleged "conspiracy" with Amazon to fix prices of *its own product* by

8   terminating a single online retailer who sold just 134 iPad covers in two years, while leaving

9   other retailers to continue selling the same product at similar prices.  *See* Mot. at 18.[10]

10        A plaintiff alleging *any* price-fixing claim under Section 1 of the Sherman Act must

11  plead a contract, combination or conspiracy in restraint of trade.  Mot. at 17 (citing *William O.*

12  *Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 (9th Cir. 2009)).  H2F does not dispute

13  this most basic of requirements, and its block quote without citation says nothing about

14  pleading standards.  Opp'n at 19.  But according to H2F, it is sufficient to simply allege one

15  agreement "setting prices for the iPad cases" and a second for "monitoring sellers," without

16  alleging supporting facts.  Opp'n at 20-21.  Plaintiff repeatedly cites paragraphs 103 and 108

17  as support for its conspiracy theory, but these paragraphs contain no allegation of an

18  agreement on price, and both are merely conclusory allegations of conspiracy that cannot

19  satisfy *Twombly*.  550 U.S. at 557 ("naked assertion of conspiracy" insufficient).

20        H2F also argues that a conspiracy can be inferred from the allegation that Apple and

21  Amazon worked together to terminate H2F as a seller on a "baseless complaint," Opp'n at 19,

22  but this is exactly the inference that the Supreme Court rejected as a matter of law in

23  *Monsanto*.  Mot. at 19.  Without factual allegations of some plausible contract, combination or

24  conspiracy *on price*, there can be no Section 1 price-fixing claim, horizontal or vertical.[11]

---

25        [10] Apple incorporates by reference the arguments made in Amazon's Reply in Support of Motion to Dismiss

26  at 10-12.

      [11] Apple explained in its motion that an agreement between a manufacturer and dealer to terminate a price-

27  cutter is also insufficient to support a *per se* antitrust claim without a further agreement on price.  Mot. at 21
(citing multiple cases).  Responding, Plaintiff simply argues the existence of "a further agreement on price."

28  Opp'n at 21.  Again, the same referenced portions of the Complaint contain no such agreement. *See id.*

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1    As to the rule of reason, Apple's motion established that Plaintiff's "vertical price

2    fixing" claim cannot succeed because it failed to define a relevant market, failed to allege harm

3    to that market, and failed to allege market power.  Mot. at 22-23 (citing cases).  Plaintiff

4    argues that Apple relies on summary judgment and trial decisions such as *Monsanto, Adidas,*

5    *Kendall* and *Jeanery* that do not set the standards for pleading, and then relies on *Cascade*

6    *Cabinet Co. v. Western Cabinet & Millwork, Inc.*, 710 F.2d 1366, 1374 (9th Cir. 1983)[12]—a

7    summary judgment decision—to argue that a plaintiff can simply recite three basic elements of

8    a Section 1 claim to state a claim.  Opp'n at 21-22.  H2F misunderstands Apple's use of cases

9    and misapplies *Cascade*.  Summary judgment and trial rulings establish and define the

10   *elements* that a plaintiff must prove to be entitled to relief under Section 1 and to prevail under

11   a detailed rule of reason analysis.  Mot. at 22-23.  *Twombly*, *Iqbal* and the other pleading

12   authorities cited by Apple and ignored by H2F establish the standards for stating that those

13   elements are met—a plaintiff must plead facts "that allow[] the court to draw the reasonable

14   inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

15   As to standing, Apple argued that H2F lacks standing to assert antitrust claims based

16   on alleged price increases that *benefit* rather than harm competitors like H2F.  Mot. at 23.  H2F

17   responds that it does not stand to benefit from Defendants' "conduct" in terminating it as a

18   seller (Opp'n at 22), but that is the wrong question.  Termination of a single competitor is not

19   harm to competition, so the relevant harm is the alleged increase in price, the purported goal of

20   the alleged conspiracy.  Supreme Court and Ninth Circuit law require dismissal of H2F's claim

21   as a purported competitor for lack of standing.  Mot. at 23 (citing cases).

22                    **G.      H2F Did Not Plead A CPA Unfair Or Deceptive Act.**

23   To state a claim under the Consumer Protection Act, a plaintiff must allege either

24   (1) "an act or practice which has a capacity to deceive a substantial portion of the public," or

25   (2) a "*per se* unfair trade practice."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*

26   *Co.*, 105 Wn.2d 778, 785-86 (1986).  H2F argues that anything falling within the dictionary

27

28       [12] *Cascade Cabinet* affirmed judgment for defendants for failure to prove harm to competition.  "It is injury
to the market, not to individual firms, that is significant."  710 F.2d at 1373 (internal quotation marks omitted).

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950                - 11 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1  definition of "unfair" is actionable under the CPA.  Opp'n at 23-24.  That is wrong.  "Conduct

2  that is alleged to be simply unfair is not sufficient."  *Alvarado*, 2010 WL 715455, at *3.  Only

3  *per se* unfair trade practices are actionable under the "unfair" prong of the CPA.  Absent a *per*

4  *se* unfair trade practice, a plaintiff must allege deceptive conduct to state a claim.

5      H2F does not contend that violating RCW 18.165 is a *per se* unfair practice.[13]  Nor

6  does H2F allege Apple engaged in conduct with a capacity to deceive a substantial portion of

7  the public.  H2F argues that "possibility to deceive" is not necessary to state a CPA claim

8  (Opp'n at 23), but both cases H2F cites affirm that "capacity to deceive a substantial portion of

9  the public" *is* a necessary element of a claim based on a deceptive act.  *See Indoor*

10  *Billboard/Wash. Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 74-75 (2007); *Mayer v.*

11  *Sto Indus., Inc.*, 123 Wn. App. 443, 456 (2004), *aff'd in part, rev'd in part*, 156 Wn.2d 677

12  (2006).  H2F does not allege that *anyone*—let alone a substantial portion of the public—was or

13  could have been deceived by Ms. Yakubova's conduct.  Nor could it.  Acting as an unlicensed

14  investigator, without more, is not a deceptive act.[14]

15  **III.   CONCLUSION**

16      For all the above reasons, and for the reasons cited in Apple's motion, H2F's complaint

17  against Apple should be dismissed.  Plaintiff has not requested leave to amend or identified

18  factual allegations that would cure these deficiencies, so dismissal should be with prejudice.

19  *See In re VeriFone Sec. Litig.*, 11 F.3d 865, 872 (9th Cir. 1993) (leave to amend denied

20  because plaintiffs did not identify additional facts to cure defects in complaint).

21

22

23

24

---

25      [13] H2F's argument that RCW 18.165 provides a private right of action relies on outdated authority.  *See*
    Opp'n at 23.  While RCW 18.165 as originally enacted provided for a private right of action, that section was
26  repealed in 2002.  *See* 2002 Wash. Laws, Ch. 86 § 401 (repealing RCW 18.165.240).  In any event, the existence
    of a private right of action is not the same as having the legislature declare a particular practice to be *per se*
27  unfair, which the legislature has not done with respect to unlicensed practice as a private investigator.

        [14] The reference to "attorney at law" in RCW 18.165.020(4) applies not just to acts performed by an
28  individual attorney but also to actions by firm employees under an attorney's direction.

1      DATED:  October 24, 2014.

2
                                          ORRICK, HERRINGTON & SUTCLIFFE LLP
3

4                                         By:  s/Daniel J. Dunne
                                               s/Robert A. Rosenfeld
5                                              s/Gabriel M. Ramsey
                                               s/Robert L. Uriarte
6
                                               Daniel J. Dunne   WSBA# 16999
7                                              Paul F. Rugani  WSBA# 38664
                                               ddunne@orrick.com
8                                              prugani@orrick.com
                                               701 Fifth Avenue, Suite 5600
9                                              Seattle, Washington  98104-7097
                                               Telephone:  +1-206-839-4300
10                                             Facsimile:  +1-206-839-4301

11                                             Robert A. Rosenfeld, *pro hac vice*
                                               405 Howard Street
12                                             San Francisco, CA 94105
                                               rrosenfeld@orrick.com
13                                             Telephone: +1-415-733-5700
                                               Facsimile: +1-415-733-5759
14
                                               Gabriel M. Ramsey, *pro hac vice*
15                                             Robert L. Uriarte, *pro hac vice*
                                               1000 Marsh Road
16                                             Menlo Park, CA 94025
                                               Telephone: +1-650-614-7400
17                                             Facsimile:  +1-650-614-7401

18                                             *Attorneys for Defendant Apple Inc.*

19

20

21

22

23

24

25

26

27

28

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950          - 13 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System, which will send notification of such filing to the

those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be

served in accordance with the Federal Rules of Civil Procedure.


Dated this 24th day of October, 2014.


By:  /s/ Daniel J. Dunne
     Daniel J. Dunne  WSBA# 16999
     ddunne@orrick.com
     701 Fifth Avenue, Suite 5600
     Seattle, Washington  98104-7097
     Telephone:  +1-206-839-4300
     Facsimile:  +1-206-839-4301

     *Attorneys for Defendant Apple Inc.*

DEFENDANT APPLE, INC.'S REPLY ISO
MOTION TO DISMISS:  2:14-cv-00950                    - 1 -