UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARD 2 FIND ACCESSORIES, INC., ) | |
| ) | CASE NO. C14-0950 RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING DEFENDANT |
| ) | APPLE'S MOTION TO DISMISS |
| AMAZON.COM, INC., a Delaware ) | |
| corporation; and APPLE, INC., a ) | |
| California corporation, ) | |
| ) | |
| Defendants. ) | |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Apple, Inc's ("Apple") Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. Dkt. #26. Defendant argues that Plaintiff's Complaint should be dismissed because it fails to allege facts sufficient to support any of the alleged causes of action against it. Defendant further argues that all causes of action against it are foreclosed by the *Noerr-Pennington* doctrine. *Id.* Plaintiff, Hard 2 Find Accessories, Inc. ("H2F"), responds that it has pled sufficient facts to meet the appropriate notice pleading standard, and that Apple cannot rely on the *Noerr-Pennington* doctrine in this case, and requests that the Court deny Defendant's motion. Dkt. #29. For the reasons set forth below, the Court disagrees with Plaintiff and GRANTS Defendant's motion to dismiss.

ORDER
PAGE - 1

## II. BACKGROUND

The relevant background of this matter has been previously set forth in this Court's Order granting Amazon's motion to dismiss, and is incorporated by reference herein. Dkt. #32.

## III. DISCUSSION

### A. Standard of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, where documents are referenced extensively in the Complaint, form the basis of Plaintiff's claim, or are subject to judicial notice, the Court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The Court may take judicial notice of facts not reasonably subject to dispute because they are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b).

Apple has requested that the Court take judicial notice of five exhibits. Dkt. #27. Plaintiff does not appear to object to this Court taking notice of three Trademark registrations. *See* Dkts. #27, Exs. 3-5 and #30. Accordingly, the Court has taken judicial notice of and considers herein those registrations. However, Plaintiff does object to this Court taking notice of two archived web pages, asserting that they are inherently unreliable and in dispute. *See* Dkts. #27, Ex. 1 and 2 and #30. The Court does not rely on those web pages in its decision in this case, and therefore declines to take judicial notice thereof.

**B. Plaintiff's Complaint**

Plaintiff has alleged five causes of action against Apple, including: violations of state and federal anti-trust statutes (Dkt. #1 at ¶ ¶ 97-109); tortious interference with business/contractual expectancy (Dkt. #1 at ¶ ¶ 117-125); unjust enrichment (Dkt. #1 at ¶ ¶ 149-151); violation of Washington's Consumer Protection Act ("CPA") (Dkt. #1 at 152-158); and defamation (Dkt. #1 at ¶ ¶ 159-167). The Court finds that Apple is immune from suit on all of these claims.

*1. Noerr-Pennington* Doctrine

Plaintiff's claims against Apple are predicated on a single infringement notice that Apple sent to Amazon in June of 2013. *See* Dkt. #1. Apple asserts immunity as to this notice under a doctrine first recognized in two antitrust cases, *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S. Ct. 1585, 14 L. Ed. 2d 626 (1965), which is now generally known as the *Noerr-Penington* doctrine. Although the immunity recognized in these two suits was premised on both the Sherman Act and the First Amendment right to petition, *Cardtoons, L. C. v. Major League Baseball Players Ass'n*, 208 F.3d 885, 890 (10th Cir. 2000),

ORDER
PAGE - 3

subsequent cases have also applied the doctrine outside of the antitrust context. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (holding "that the *Noerr-Pennington* doctrine applies to Theme's state law tortious interference with prospective economic advantage claims"); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) ("The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'").

The *Noerr-Pennington* doctrine insulates from liability "petitioning conduct." *Theme*, 546 F.3d at 1006. Petitioning conduct includes the filing of a "reasonably based but unsuccessful lawsuit," *Sosa*, 437 F.3d at 930, as well as conduct "incidental to a lawsuit, including a pre-suit demand letter," so long as it does not fall into the realm of "sham litigation." *Theme*, 546 F.3d at 1007. The Ninth Circuit has also recognized that claims arising from pre-suit cease-and-desist letters sent by one party to the other may be subject to immunity under the *Noer-Pennington* doctrine. *Rock River Communs., Inc. v. Universal Music Group, Inc.*, 745 F.3d 343, 351 (9th Cir. 2014). Likewise, this Court has extended the doctrine to claims arising out of a cease-and-desist letter to a third-party distributor demanding that the distributor stop selling certain allegedly infringing items, similar to the situation in the instant matter. *See Modular Arts, Inc. v. Interlam Corp.*, 2007 U.S. Dist. LEXIS 51225, at 8-9 (W.D. Wash. July 13, 2007). Based on the reasoning in these referenced cases, the Court agrees that Apple has immunity from suit in this matter.

To defeat immunity under the *Noerr-Pennington* doctrine, the non-moving party must show that the moving party's efforts to protect its legal rights were a "sham." A "sham" lawsuit is one where the suit is both "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and "an attempt to interfere directly

ORDER
PAGE - 4

with the business relationship of a competitor through the use of the governmental process — as opposed to the outcome of that process." *Rock River Communs.*, 745 F.3d at 351-52 (citations omitted). In conclusory manner, H2F argues that it has pleaded facts sufficient to establish a "sham" defense to Apple's *Noerr-Pennington* immunity. Dkt. #29 at 11. The Court disagrees. A review of the Complaint reveals that H2F has failed to allege sufficient facts to show that Apple's letter was "objectively baseless" and that Apple's "motive in bringing it was unlawful." *Modular Arts, Inc.*, 2007 U.S. Dist. LEXIS 51225(citation omitted). As a result, H2F has failed to state a claim upon which relief can be granted in light of Apple's *Noerr-Pennington* immunity.

## 2. Plaintiff's Anti-Trust Claims Against Apple

Although the Court has determined that Apple is immune from suit on all of H2F's claims against it, the Court also wishes to acknowledge that Plaintiff's anti-trust claim against Apple fails for other reasons, consistent with this Court's prior Order granting dismissal of Plaintiff's anti-trust claim against Amazon. *See* Dkt. #32. Plaintiff's Cause of Action Three alleges violations of state and federal antitrust laws against Amazon and Apple collectively. Dkt. #1 at ¶¶ 97-109. Essentially, this claim alleges that Apple and Amazon have conspired to "shutter" Apple's competitors. Specifically, H2F alleges that Apple and Amazon have agreed to a scheme whereby Apple monitors sellers who sell items at an "aggressive price point," then report such sellers to Amazon, which in turn shuts down the seller. Then, Apple allegedly stalls its resolution of the complaint with the seller in order to allow Amazon to "conjure up" an after-the-fact reason for closing the seller's account. Dkt. #1 at ¶ 103. Alternatively, Plaintiff alleges that Amazon and Apple are engaged in horizontal price fixing because they both sell the same iPad accessories as H2F. Dkt. #1 at ¶¶ 108-109.

ORDER
PAGE - 5

As the Court previously determined, Plaintiff fails to allege any facts to support either basis for the claim. In fact, a review of Plaintiff's alleged facts reveals no allegations of any relationship between Apple and Amazon, other than Apple communicated with Amazon regarding the complaint of counterfeit iPad covers. *See* Dkt. #1 at ¶ ¶ 8-86. There are no facts supporting any conspiracy or collusion, or even the inference of any conspiracy or collusion between the two, for any purpose. Nor are there any facts alleged to support even an inference that the two entities conspired to restrain trade among States within the United States or with foreign countries. *See Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (setting forth required elements of a Sherman Act antitrust claim). Therefore, Plaintiff's antitrust claim is wholly without factual support, and must be dismissed against Apple.

**C. Leave to Amend**

Ordinarily, leave to amend a Complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the immunity enjoyed by Apple as discussed above.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

ORDER
PAGE - 6

1) Defendant's request for judicial notice (Dkt. #27) is GRANTED IN PART and DENIED IN PART, as noted above.

2) Defendant's Motion to Dismiss (Dkt. #26) is GRANTED.  All claims against Defendant Apple, Inc. are DISMISSED with prejudice.

3) As the Court previously granted dismissal of Defendant Amazon.com, Inc.(Dkt. # 32), this case is now CLOSED.

4) Judgment shall be entered by the Clerk.

DATED this 17 day of November 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE