**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARD2FIND ACCESSORIES, INC., | No. 14-36059 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00950-RSM |
| v. | |
| AMAZON.COM, INC., a Delaware Corporation; APPLE INC., a California Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted May 16, 2017[**]
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,[***] District Judge.

Plaintiff Hard2Find Accessories, Inc. ("H2F") appeals the dismissal with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, United States Senior District Judge for the Eastern District of Louisiana, sitting by designation.

prejudice of its complaint against Defendants Amazon.com, Inc. ("Amazon") and Apple, Inc. ("Apple").  H2F was a third party seller on Amazon, but Amazon suspended H2F's selling account after Apple reported to Amazon that H2F was purportedly selling counterfeit iPad covers.  H2F's complaint alleged claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with business expectancy, unjust enrichment, defamation, violations of federal and state antitrust law, violations of Washington's Uniform Money Services Act ("UMSA"), and violations of Washington's Consumer Protection Act ("CPA").

We have jurisdiction under 28 U.S.C. § 1291.  We review "de novo the district court's grant of a motion to dismiss under Rule 12(b)(6)," *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016).  We affirm.

1. The district court appropriately applied the *Noerr-Pennington* doctrine, which foreclosed H2F's claims against Apple.  The infringement notice that Apple sent to Amazon is sufficiently related to petitioning conduct protected by the Petitions Clause.  *See Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 351 (9th Cir. 2014); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006). Although the *Noerr-Pennington* doctrine recognizes an exception where such conduct is nothing more than a "sham," here, H2F did not plead with particularity that Apple's infringement notice about H2F's products was a "sham."

2

*See Or. Nat. Res. Council v. Mohla*, 944 F.2d 531, 534 (9th Cir. 1991). H2F's complaint included customer complaints regarding the authenticity of H2F's products, which could support Apple's trademark infringement and counterfeiting concerns, and therefore Apple's notice to Amazon was not baseless. H2F did not otherwise challenge the district court's alternative ground for dismissal: that H2F failed to state its antitrust claims against Apple.

2. The district court did not err in dismissing H2F's UMSA claim against Amazon because section 330 of the UMSA—requiring money transmitters to transmit money within ten business days after receiving the money—does not create a private cause of action. *See* Wash. Rev. Code § 19.230.330. H2F has not shown that "[1] [it] is within the class for whose 'especial' benefit the statute was enacted; [2] legislative intent, explicitly or implicitly, supports creating or denying a remedy; and [3] implying a remedy is consistent with the underlying purpose of the legislation." *Bennett v. Hardy*, 784 P.2d 1258, 1261–62 (Wash. 1990). In particular, that the state legislature expressly provided a cause of action under section 350 of the UMSA, but not under section 330, indicates that the legislature most likely did not intend to permit private causes of action under section 330. *See Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 481 (Wash. 2017).

3. H2F did not adequately allege that Amazon violated the CPA because its UMSA claim cannot serve as the predicate offense for its CPA claim. Section

330 of the UMSA does not expressly declare that violating the provision is a violation of the CPA, and H2F does not otherwise allege that the Agreement's terms were deceptive or unfair. *See Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013).

4. The district court properly dismissed H2F's breach of contract claims against Amazon. First, Section 2 of the Business Services Agreement gave Amazon the discretion to delay initiating any remittances for 90 days following the date of the initial account suspension in addition to the 14 days Amazon had to remit payments on the schedule set forth in Section S-6. Second, the Program Policies' language on which H2F relies to argue that Amazon had certain investigative duties do not have the force of a contractual provision. *See Stewart v. Chevron Chem. Co.*, 762 P.2d 1143, 1145 (Wash. 1988).

5. Because Amazon did not have the contractual duties alleged by H2F, Amazon did not have a corresponding obligation to perform the duties in good faith. *See Johnson v. Yousoofian*, 930 P.2d 921, 925 (Wash. Ct. App. 1996) ("The implied duty of good faith is derivative, in that it applies to the performance of specific contract obligations."). H2F does not otherwise allege that the duty of good faith and fair dealing must apply because Amazon had the discretionary authority to determine the terms of its contract. *See Rekhter v. Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041 (Wash. 2014).

4

6. H2F does not challenge the district court's dismissal of its state and federal antitrust claims, breach of fiduciary duty claim, and unjust enrichment claim against Amazon, nor dismissal of the defamation claim against Apple. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**